1  MUNGER, TOLLES & OLSON LLP
   Marc T.G. Dworsky (SB# 157413)
2  James C. Rutten (SB# 201791)
   Karen J. Ephraim (SB# 233824)
3  355 South Grand Avenue, 35th Floor
   Los Angeles, California  90071-1560
4  (213) 683-9100; (213) 687-3702 (fax)
   marc.dworsky@mto.com
5  james.rutten@mto.com
   karen.ephraim@mto.com
6
   Attorneys for Defendants WACHOVIA
7  BANK, N.A. and METROPOLITAN WEST
   SECURITIES LLC
8

9                    UNITED STATES DISTRICT COURT

10           EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

11

| 12 | CALIFORNIA EARTHQUAKE AUTHORITY, | CASE NO. |
|---|---|---|
| 13 | | **NOTICE OF REMOVAL OF CIVIL ACTION PURSUANT TO 28 U.S.C. §§ 1332 AND 1441(a)** |
| 14 | Plaintiff, | |
| 15 | vs. | |
| 16 | METROPOLITAN WEST SECURITIES LLC; WACHOVIA BANK, N.A.; and DOES 1 through 25, | |
| 17 | | |
| 18 | Defendants. | |

9737833.2

NOTICE OF REMOVAL

TO THE CLERK OF THE ABOVE-ENTITLED COURT, ALL PARTIES HERETO, AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE THAT the above-captioned matter, which was commenced as Case Number 34-2009-00067544 in the Sacramento County Superior Court, is hereby removed pursuant to 28 U.S.C. §§ 1332 and 1441(a) to the United States District Court for the Eastern District of California, Sacramento Division.  In support of its Notice of Removal, Defendants Wachovia Bank, N.A. ("Wachovia") and Metropolitan West Securities LLC ("MetWest") state the following:

**JURISDICTION**

1. Removal to this Court is proper pursuant to 28 U.S.C. § 1441(a) because this Court has original subject-matter jurisdiction over this action under 28 U.S.C. § 1332 based on diversity of citizenship.  Specifically:

2. Defendant Wachovia is a citizen of North Carolina, and was a citizen of North Carolina at the time this action was commenced in state court.  Wachovia is a national banking association chartered by the Office of the Comptroller of Currency pursuant to the National Bank Act, and "[a]ll national banking associations shall, for the purposes of all . . . actions by or against them, be deemed citizens of the States in which they are respectively located."  28 U.S.C. § 1348. Wachovia is "located" in North Carolina because its main office is in North Carolina.  *See Wachovia Bank, N.A. v. Schmidt*, 546 U.S. 303, 318 (2006) (adopting the "main office" test for the location of national banking associations, and holding that, accordingly, Wachovia is a citizen of North Carolina); *Rivera v. Wachovia Bank*, No. 09-CV0433 JM (AJB), 2009 WL 1396403, at *2 (S.D. Cal. May 18, 2009) (following *Schmidt* and holding that Wachovia is a citizen of North Carolina).

3. Defendant MetWest also is a citizen of North Carolina, and was a citizen of North Carolina at the time this action was commenced in state court.  MetWest is a limited liability company whose citizenship is that of its member(s).  *See Johnson v. Columbia Properties Anchorage LP*, 437 F.3d 894, 899 (9th Cir. 2006) ("Notwithstanding LLCs' corporate traits, . . . every circuit that has addressed the question treats them like partnerships for the purposes of

diversity jurisdiction. . . . We therefore join our sister circuits and hold that, like a partnership, an LLC is a citizen of every state of which its owners/members are citizens."). Because MetWest's sole member is Wachovia, and because Wachovia is a citizen of North Carolina, MetWest also is a citizen of North Carolina.

4. Plaintiff California Earthquake Authority ("CEA") is a citizen of California. The CEA is a state-created entity that is in the business of selling earthquake insurance to California residents. On information and belief, its only place of business is in California and all of its business is conducted in California. The CEA is not an arm of the state that is exempt from diversity jurisdiction because the CEA's lawsuit arises out of the CEA's contract with Defendants in their capacities as private money managers, and the CEA's enabling statutes provide that when it comes to such contracts, "the [CEA] shall not be considered a state agency or other public entity." Cal. Ins. Code § 10089.7(h)(1).[1] Furthermore, if the CEA were to recover a money judgment in this case, it would not inure to the state's benefit. *See Mitchell v. Los Angeles Community Coll. Dist.*, 861 F.2d 198, 201 (9th Cir. 1988) (how a "money judgment" would impact the state treasury is a factor to consider in determining whether a litigant should be deemed to be an arm of the state). The CEA admits in its Complaint that "CEA funds are in the California Earthquake Authority Fund, which is not a fund in the State Treasury." (Compl. ¶ 15 (citing Cal. Ins. Code § 10089.22(b).) Additionally, the CEA's primary function – providing insurance – traditionally has been performed by proprietary business enterprises, not the government. *See Courtesy Ambulance Serv. v. Superior Court*, 8 Cal. App. 4th 1504, 1513 (1992) (contrasting the "role [of] an insurer" with a "governmental function," and holding that, accordingly, the California State Compensation Insurance Fund is *not* an arm of the state, even though it is statutorily designated as a state agency within the California Department of Industrial Relations (*see* Cal. Labor Code § 56)). The CEA is also statutorily authorized to "sue or be

---

[1] The CEA's enabling statutes provide that for *other* purposes, the CEA "is a public instrumentality of the State of California." Cal. Ins. Code § 10089.21. Even in such other contexts, however, the actual characteristics of the CEA, not its statutory label, control whether the CEA is deemed to be an arm of the state, or instead, a citizen of a state. *See Moor v. County of Alameda*, 411 U.S. 693, 719-20 (1973), *overruled on other grounds by Monell v. Department of Social Servs.*, 436 U.S. 658 (1978); *Jacintoport Corp. v. Greater Baton Rouge Port Comm'n*, 762 F.2d 435, 439 (5th Cir. 1985); *Travelers Ins. Co. v. Teacher Ret. Sys.*, No. 92C 6651, 1993 WL 34757, at *4 (N.D. Ill. Feb. 5, 1993).

sued," to hold property, and to enter into contracts in its own name, not in the name of the state – and it has done so in this case. Cal. Ins. Code §§10089.7(b)(1), (c), (g), (h)(1); *see also Mitchell*, 861 F.2d at 201 ("whether the entity may sue or be sued" and "whether the entity has the power to take property in its own name or only the name of the state" are factors to consider); *Moor*, 411 U.S. at 719 (deeming a county to be a citizen for diversity purposes, in part because it could enter into its own contracts). The CEA is also statutorily authorized to issue its own bonds. *See* Cal. Ins. Code §§ 10089.7(c), 10089.46, 10089.47; *Moor*, 411 U.S. at 719-20 (deeming a county to be a citizen for diversity purposes, in part because it could issue its own bonds).

5.   Because both Defendants are citizens of North Carolina, and because Plaintiff is a citizen of California, complete diversity of citizenship exists.

6.   The amount in controversy exceeds the jurisdictional threshold of $75,000, *see* 28 U.S.C. § 1332(a), because the CEA alleges damages of approximately $62 million. (*See* Compl. attached hereto as Ex. A, at ¶¶ 31, 37, 42, 48.)

### INTRADISTRICT ASSIGNMENT

7.   Defendants have removed this action to the Sacramento Division of this Court because 28 U.S.C. § 1441(a) requires removal to "the district and division embracing the place where [the state] action is pending," which here was Sacramento County Superior Court.

### TIMELINESS

8.   Defendants' Notice of Removal is timely because they were served with the Complaint and Summonses on January 19, 2010, and filed this Notice of Removal within 30 days thereof. *See* 28 U.S.C. § 1446(b).

### STATE COURT PLEADINGS

9.   The following constitute all of the process, pleadings, and orders filed in this action, true and correct copies of which are attached hereto and incorporated herein as part of this Notice of Removal[2]:

   Exhibit A:   Civil Case Cover Sheet.

---

[2] Neither the exhibits to the Verified Complaint (Exhibit B hereto) nor the exhibits to the Marshall Declaration (Exhibit G hereto) are attached to those pleadings on the Court's website.

9737833.2                           3

| | | |
|---|---|---|
| | Exhibit B: | Verified Complaint for Damages, Restitution, Rescission, and Civil Penalties for 1) Breach of Contract, 2) Breach of Fiduciary Duty, 3) Constructive Fraud, and 4) Unfair Business Practices, California Business & Profession [sic] Code Section 17200 et seq. |
| | Exhibit C: | Summonses. |
| | Exhibit D: | Unlimited Civil Cases Packet. |
| | Exhibit E: | Notice of Motion and Motion to Disqualify Counsel for Defendants. |
| | Exhibit F: | Memorandum of Point and Authorities in Support of Motion to Disqualify Counsel for Defendants. |
| | Exhibit G: | Declaration of Daniel P. Marshall III in Support of Motion to Disqualify Defendants' Attorneys. |
| | Exhibit H: | Amended Notice of Motion and Motion to Disqualify Counsel for Defendants. |
| | Exhibit I:[3] | Stipulation and [Proposed] Order Regarding (1) Service Of Process and (2) Extension Of Time For Defendants To File Responsive Pleading. |

\* \* \* \* \*

Based on the foregoing, Defendants hereby remove this action to the United States District Court for the Eastern District of California, Sacramento Division.

DATED: February 4, 2010               MUNGER, TOLLES & OLSON LLP


By: /s/      *James C. Rutten*
             James C. Rutten

Attorneys for Defendants WACHOVIA BANK, N.A. and METROPOLITAN WEST SECURITIES LLC

---

[3] The Stipulation and [Proposed] Order is currently unavailable at the Court's filing office or through the Court's website. The Exhibit that is attached hereto therefore is not file-stamped by the Court.

9737833.2                                 4

NOTICE OF REMOVAL