MUNGER, TOLLES & OLSON LLP
  Marc T.G. Dworsky (SB# 157413)
  James C. Rutten (SB# 201791)
  Eric P. Tuttle (SB # 248440)
355 South Grand Avenue, 35th Floor
Los Angeles, California  90071-1560
(213) 683-9100; (213) 687-3702 (fax)
marc.dworsky@mto.com
james.rutten@mto.com
eric.tuttle@mto.com

Attorneys for Defendants WACHOVIA BANK, N.A. and METROPOLITAN WEST SECURITIES LLC

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| CALIFORNIA EARTHQUAKE AUTHORITY,<br><br>              Plaintiff,<br><br>      vs.<br><br>METROPOLITAN WEST SECURITIES LLC; WACHOVIA BANK, N.A.; and DOES 1 through 25,<br><br>              Defendants. | Case No. 2:10-CV-00291-FCD-GGH<br><br>**DEFENDANTS':**<br><br>**(1) OBJECTION AND RESPONSE TO NEW EVIDENCE SUBMITTED IN PLAINTIFF'S REPLY AND REQUEST TO FILE SAME; AND**<br><br>**(2) DECLARATION OF RICHARD DROOYAN IN SUPPORT OF SAME**<br><br>Date:  April 23, 2010<br>Time: 10:00 a.m.<br>Judge: Honorable Frank C. Damrell, Jr. |

10497248.3

OBJECTION AND RESPONSE TO NEW EVIDENCE SUBMITTED IN PLAINTIFF'S REPLY


**OBJECTION AND RESPONSE TO NEW EVIDENCE SUBMITTED IN PLAINTIFF'S REPLY, AND REQUEST TO FILE SAME**

Defendants object to Exhibit 1 to the Declaration of Richard B. Wolf, Esq. ("Wolf Declaration") in support of Plaintiff's Reply Brief in Support of Motion to Disqualify Counsel for Defendants ("Reply Brief"), submitted on April 23, and to the portions of the Wolf Declaration that discuss Exhibit 1 or related facts. Defendants so object because these documents proffer new evidence which was available to Plaintiff at the time its motion was filed, and it is improper to raise these new facts for the first time in reply.

> Moving parties are required to raise all of their arguments in their opening brief to prevent "sandbagging" of the nonmoving party and to provide opposing counsel the opportunity to respond. It is improper for a moving party to introduce new facts in the reply brief than those presented in the moving papers when those facts could have been presented in the opening brief. . . . Where a movant injects evidence in a reply brief that should have been included in the opening brief, . . . . the court has discretion to decline to consider the new evidence.[1]

To the extent the Court considers Plaintiff's belatedly submitted evidence, Defendants request permission to file the following response:[2]

---

[1] *Lewis v. Gotham Insurance Co.*, 2009 WL 3698028, at *1 (S.D. Cal. Nov. 5, 2009) (citations, quotation marks, and brackets omitted); *accord United States v. University of Phoenix*, 2009 WL 2705851, at *3 (E.D. Cal., Aug. 25, 2009) (same); *Jones v. Baltimore Ins. Co.*, 2007 WL 1713250, at *9 (E.D. Cal.) ("It is improper for a moving party to introduce new facts or different legal arguments in the reply brief than those presented in the moving papers."); *Sweet v. Pfizer*, 232 F.R.D. 360, 364 n.7 (C.D. Cal. 2005) (declining to consider declaration attached to reply brief "as the moving party in a motion cannot submit new information as part of its Reply"); *Contratto v. Ethicon, Inc.*, 227 F.R.D. 304, 309 n.5 (N.D. Cal. 2005) ("Defendants' attempt to introduce new evidence in connection with their reply papers is improper."); *Schwartz v. Upper Deck Co.*, 183 F.R.D. 672, 682 (S.D. Cal. 1999) ("It is well accepted that raising of new issues and submission of new facts in reply brief is improper."); *see also Ojo v. Farmer's Group, Inc.*, 565 F.3d 1175, 1185 n.13 (9th Cir. 2009) ("[I]t is generally 'improper for the moving party to . . . introduce new facts or different legal arguments in the reply brief [beyond] ... [those that were] presented in the moving papers.'"); *Burnham v. City of Rohnert Park*, 1992 WL 672965, at *1 n.2 (N.D. Cal. May 18, 1992) ("[R]eply briefs are limited in scope to matters either raised by the opposition or unforeseen at the time of the original motion.").

[2] *Provenz v. Miller*, 102 F.3d 1478, 1483 (9th Cir. 1996) (district court erred in not considering non-movant's supplemental declaration, because "[w]here new evidence is presented in a reply to a motion for summary judgment, the district court should not consider the new evidence without giving the [non-]movant an opportunity to respond") (quoting *Black v. TIC Inv. Corp.*, 900 F.2d 112, 116 (7th Cir.1990)); *accord Beaird v. Seagate Tech., Inc.*, 145 F.3d 1159, 1164-1165 (10th Cir. 1998); *see also Lewis v. Gotham Insurance Co.*, 2009 WL 3698028, at *1-2 (S.D. Cal. Nov. 5, 2009) (permitting defendant to file sur-reply in response to new facts in plaintiff's reply brief).

1. The copy of the letter attached as Exhibit 1 to the Wolf Declaration is unsigned and was retrieved from Mr. Wolf's "firm's document program" rather from a correspondence or chronology file where one would expect to find copies of letters sent by a lawyer. (Wolf Decl. ¶ 5.)

2. The Declaration of Richard Drooyan attached hereto states that:

    (a) Mr. Drooyan has no record or recollection of receiving the letter or any of the purported attachments. (Drooyan Decl. ¶ 5.)

    (b) Neither the letter nor any of the attachments are in the files of Munger Tolles and Olson LLP ("MTO") and there is no record they were ever received. (*Id.* ¶ 6.)

    (c) It is and was Mr. Drooyan's practice to review correspondence and materials received from a client, to record the time spent in such review, and to bill for his time. No such time was ever recorded or billed for the materials purportedly attached to the letter. (*Id.* ¶ 8.)

    (d) Indeed, Mr. Drooyan recalls that he did not do any further work for Plaintiff and did not receive any further materials relating to Plaintiff (other than those pertaining to the agreement he executed, as previously described) after his August 26, 2002 meeting with Mr. Wolf. (*Id.* ¶ 7.) The unsigned letter attached as Exhibit 1 to the Wolf Declaration is dated after that meeting. (Wolf Decl., Ex. 1.)

3. Mr. Wolf does not say that any of the purported attachments to the letter is or was confidential. Rather he states that he is "not aware whether they would otherwise have been publicly available to Mr. Drooyan." (Wolf Decl. ¶ 5.) Thus, there is no evidence in the record that any of them are confidential. In fact, Plaintiff has not identified a single item of confidential information provided to MTO.

4. There is no evidence that any of these documents, or any other information given to MTO in August 2002, contains any information that relates in any way to any of the issues in the present litigation. None of the purported attachments has been

provided to the Court, under seal or otherwise, to enable the Court to make such a determination.

Defendants do not object to the Court's consideration of the memorandum attached as Exhibit 2 to the Wolf Declaration. That document clearly supports Defendants' position that the information Mr. Drooyan received and the advice he was approached about rendering related to "a proposed compliance program for the Authority." (Decl. of Daniel P. Marshall III in Support of Motion to Disqualify Defendants' Attorneys, Ex. 1, ¶ 1.1.) As Exhibit 2 states, "the purpose of a compliance program is to avoid or minimize *criminal sanctions against CEA* by establishing a program that discourages criminal activity in CEA's name, for its benefit, or by its personnel. The federal sentencing guidelines form the basis for the key ingredients of a compliance program." (Wolf Decl. Ex. 2, p.1, third paragraph (emphasis added).) And to the extent that Mr. Drooyan and Mr. Wolf discussed CEA's liability for the actions of outside contractors, Exhibit 2 makes clear that the outside contractors at issue were "CEA's participating insurers," i.e., the "third party independent contractors [hired by CEA] to perform its insuring functions." (*Id.* at 2, second and third paragraphs.) These insurers were engaged in "underwriting and claims activities," not the kind of asset management or investment activities at issue in the present dispute between CEA and Wachovia. (*Id.* at 2, third paragraph.) Indeed, none of the work done by Mr. Drooyan or the information he received in 2002 relates in any way to the *civil claims by the CEA against Defendants* in this litigation for breach of contract, breach of fiduciary duty, constructive fraud, or unfair business practices.

DATED: April 21, 2010                 MUNGER, TOLLES & OLSON LLP

                                      By:    /s/ Eric P. Tuttle
                                              Eric P. Tuttle

                                      Attorneys for Defendants WACHOVIA BANK, N.A.
                                      and METROPOLITAN WEST SECURITIES LLC

3

10497248.3

OBJECTION AND RESPONSE TO NEW EVIDENCE SUBMITTED IN PLAINTIFF'S REPLY

**DECLARATION OF RICHARD DROOYAN**

I, Richard E. Drooyan, declare as follows:

1. I have personal knowledge of the facts stated below, and competently could testify to them if called upon to do so. I make this declaration in support of Defendants' Objection and Response to New Evidence Submitted in Plaintiff's Reply in the above-captioned matter.

2. I am a partner in the law firm of Munger, Tolles & Olson LLP ("MTO"), and have been since I joined the firm in 1999. Before I joined MTO, I spent several years as a federal prosecutor, including as Chief of the Criminal Division and Chief Assistant United States Attorney in the Central District of California.

3. I have reviewed the Declaration of Richard B. Wolf, Esq. (the "Wolf Declaration") submitted in support of Plaintiff's Reply Brief in Support of Motion to Disqualify Counsel for Defendants in the above-captioned matter, including the unsigned letter dated August 29, 2002, attached as Exhibit 1 to said declaration (the "Unsigned Letter").

4. As set forth more fully in my prior declaration submitted in opposition to Plaintiff's Motion to Disqualify Counsel for Defendants in the above-captioned matter, Mr. Wolf and I had a single in-person meeting in connection with my possible assistance to Mr. Wolf with work he was doing for his client, Plaintiff herein, and based on my time sheets, that meeting took place on August 26, 2002.

5. I have no recollection of having ever received a letter from Mr. Wolf in the form of the Unsigned Letter attached as Exhibit 1 to the Wolf Declaration, nor do I have any recollection of having received from Mr. Wolf or anyone else any of the documents referenced in the Unsigned Letter. In fact, I have no recollection of ever receiving any written communication or document from Mr. Wolf concerning any matter related to Plaintiff, the work he was doing for Plaintiff, or any work I might do for Plaintiff.

6. I have reviewed my files pertaining to Plaintiff (which had long ago been sent to an offsite storage facility), and they do not contain a copy of the Unsigned Letter, or any documents that would appear to be those referenced in the Unsigned Letter.

7. I note that the date shown on the Unsigned Letter is August 29, 2002, three days after my in-person meeting with Mr. Wolf took place. I have no recollection of having any further communications with Mr. Wolf or with Plaintiff in regards to this matter following my August 26, 2002 meeting with Mr. Wolf, other than in connection with executing the Agreement between my firm and Plaintiff. I have no recollection of having done any further work in regards to this matter following the August 26, 2002 meeting. It is my recollection that I had no further communications with Mr. Wolf or Plaintiff in connection with this matter (other than with respect to the Agreement) and that I did no further work on this matter following my August 26, 2002 meeting with Mr. Wolf.

8. It was and is my practice to review written communications or other materials from a client or potential client, to record any time in excess of just a few minutes that it may take me to review such materials, and to bill for the time that I record. I have reviewed my billing records and time sheets, and have found no indication that I ever reviewed any materials sent to me in connection with Plaintiff's matter after the August 26, 2002 meeting. Nor is there any indication in my time sheets or billing records that I did any further work whatsoever for Plaintiff following the August 26, 2002 meeting.

I declare under penalty of perjury under the laws of the United States of America and of the State of California that the foregoing is true and correct, and that this declaration was executed on April 21, 2010 at Los Angeles, California.

                                                  /s/   Richard E. Drooyan
                                                          Richard E. Drooyan
                                             (original signature retained by attorney)