Michael J. Strumwasser (SBN 58413)
Fredric D. Woocher (SBN 96689)
Jonathan D. Krop (SBN 263963)
STRUMWASSER & WOOCHER LLP
10940 Wilshire Boulevard, Suite 2000
Los Angeles, California  90024
Telephone:    +1 310 576 1233
Facsimile:     +1 310 319 0156

Attorneys for Plaintiff
CALIFORNIA EARTHQUAKE AUTHORITY

David C. Powell (SBN 129781)
Jesse L. Miller (SBN 183229)
Christopher C. Foster (SBN 253839)
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, CA  94105
Telephone:    +1 415 543 8700
Facsimile:     +1 415 391 8269

Attorneys for Defendants
METROPOLITAN WEST SECURITIES, LLC
and WELLS FARGO BANK, N.A., successor
by merger to WACHOVIA BANK, N.A.

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| CALIFORNIA EARTHQUAKE AUTHORITY,<br><br>            Plaintiff,<br><br>    vs.<br><br>METROPOLITAN WEST SECURITIES, LLC;<br>WACHOVIA BANK, N.A.; and DOES 1 - 25,<br><br>            Defendants. | Case No.: 2:10-CV-00291-FCD-GGH<br><br>**STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION**<br><br>Removal Date:    February 4, 2010<br>Trial Date:        May 22, 2012<br><br>Honorable Frank C. Damrell, Jr. |

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

## STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION

All Parties that have appeared in this matter, by and through their respective undersigned counsel, hereby stipulate and agree to the following Stipulated Protective Order:

### 1.    PURPOSES AND LIMITATIONS

Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulated Protective Order.  This Order provides the parties and the Court with an expedient means of providing for the protection of information entitled to confidential treatment under Rule 26(c) of the Federal Rules of Civil Procedure.  The Order does not purport to expand the scope of that Rule, nor does it obviate a particularized good-cause ruling from the Court in the event that a party or non-party seeks access to materials designated for protection under the Order.  The parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 12(d), below, that this Stipulated Protective Order does not entitle them to file confidential information under seal; Civil Local Rule 141 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

### 2.    DEFINITIONS

#### a.    Challenging Party:

A Party or Non-Party that challenges the designation of information or items under this Order.

#### b.    "CONFIDENTIAL" Information and Items:

Information (regardless of how it is generated, stored or maintained) or tangible things that qualify for protection under Rule 26(c) of the Federal Rules of Civil Procedure.

#### c.    Designating Party:

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   A Party or Non-Party that designates information or items that it produces in disclosures or in

2   responses to discovery as "CONFIDENTIAL."

3   **d.   Disclosure or Discovery Material:**

4   All items or information, regardless of the medium or matter in which it is generated, stored,

5   or maintained (including, among other things, testimony, transcripts, and tangible things), that are

6   produced or generated in disclosures or responses to discovery in this matter.

7   **e.   Non-Party:**

8   Any natural person, partnership, corporation, association, or other legal entity not named as a

9   Party to this action.

10   **f.   Party/Parties:**

11   Any party to this action, including all of its officers, directors, employees, consultants,

12   retained experts, and outside counsel of record (and their support staff).

13   **g.   Producing Party:**

14   A Party or Non-Party that produces Disclosure or Discovery Material in this action.

15   **h.   Protected Material:**

16   Any Disclosure or Discovery Material that is designated as "CONFIDENTIAL."

17   **i.   Receiving Party:**

18   A Party that receives Disclosure or Discovery Material from a Producing Party.

19   **3.   SCOPE**

20   The protections conferred by this Stipulated Protective Order cover not only Protected

21   Material (as defined above), but also (1) any information copied or extracted from Protected

22   Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any

23   testimony, conversations, or presentations by Parties or their counsel that might reveal Protected

24   Material.  However, the protections conferred by this Stipulated Protective Order do not cover the

25   following information: (a) any information that is in the public domain at the time of disclosure to a

26   Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a

27   result of publication not involving a violation of this Order, including becoming part of the public

28   record through trial or otherwise; and (b) any information known to the Receiving Party prior to the

disclosure or obtained by the Receiving Party after the disclosure from a source who obtained the information lawfully and under no obligation of confidentiality to the Designating Party.  Any use of Protected Material at trial shall be governed by a separate agreement or order.

**4.**     **DURATION**

Even after final disposition of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until a Designating Party agrees otherwise in writing or a court order otherwise directs.  Final disposition shall be deemed to be the later of (1) dismissal of all claims and defenses in this action, with or without prejudice; and (2) final judgment herein after the completion and exhaustion of all appeals, rehearings, remands, trials, or reviews of this action, including the time limits for filing any motions or applications for extension of time pursuant to applicable law.

**5.**     **DESIGNATING PROTECTED MATERIAL**

**a.**     **Exercise of Restraint and Care in Designating Material for Protection:**

Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards.  The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited.  Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.  If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

**b.**     **Manner and Timing of Designations:**

Except as otherwise provided in this Order (see, e.g., second paragraph of Section 5(b)(i) below), or as otherwise stipulated or ordered, Disclosure or Discovery Material that qualifies for protection under this Order must be clearly so designated before the material is disclosed or

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

produced.

Designation in conformity with this Order requires:

i.      For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party affix the legend "CONFIDENTIAL" to each page that contains protected material. If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced.  During the inspection and before the designation, all of the material made available for inspection shall be deemed provisionally "CONFIDENTIAL" for the duration of the inspection.  After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Order.  Then, before producing the specified documents, the Producing Party must affix the legend "CONFIDENTIAL" to each page that contains Protected Material.  If only a portion or portions of the material on a page qualifies for protection, the Producing Party also must clearly identify the protected portion(s) (e.g., by making appropriate markings in the margins).

ii.      For testimony given in deposition or in other pretrial or trial proceedings, that the Designating Party identify on the record, before the close of the deposition, hearing, or other proceeding, all protected testimony.  Alternatively, a Designating Party may specify at the deposition that the entire transcript shall be treated as "CONFIDENTIAL."

Transcripts containing Protected Material shall have an obvious legend on the title page that the transcript contains Protected Material.

iii.      For information produced in some form other than documentary and for any other tangible items, that the Producing Party affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "CONFIDENTIAL."  If only a portion or portions of the information or item warrant protection, the Producing Party, to the

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

extent practicable, shall identify the protected portion(s).

### c. **Inadvertent Failures to Designate:**

If timely corrected, an inadvertent failure to designate qualified information or items does not, standing alone, waive the Designating Party's right to secure protection under this Order for such material.  Upon timely correction of a designation, the Receiving Party must make reasonable efforts to assure that the material is treated in accordance with the provisions of this Order.

### 6. **CHALLENGING CONFIDENTIALITY DESIGNATIONS**

### a. **Timing of Challenges:**

Any Party or Non-Party may challenge a designation of confidentiality at any time.  Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party does not waive its right to challenge a confidentiality designation by electing not to mount a challenge promptly after the original designation is disclosed.

### b. **Meet and Confer:**

The Challenging Party shall initiate the dispute resolution process by providing written notice of each designation it is challenging and describing the basis for each challenge.  To avoid ambiguity as to whether a challenge has been made, the written notice must recite that the challenge to confidentiality is being made in accordance with this specific paragraph of the Protective Order.  The Parties shall attempt to resolve each challenge in good faith and must begin the process by conferring directly (in voice to voice dialogue; other forms of communication are not sufficient) within 14 days of the date of service of notice.  In conferring, the Challenging Party must explain the basis for its belief that the confidentiality designation was not proper and must give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation.  A Challenging Party may proceed to the next stage of the challenge process only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

### c. **Judicial Intervention:**

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

If the Parties cannot resolve a challenge without court intervention, the Challenging Party may file a motion challenging a confidentiality designation at any time if there is good cause for doing so, including a challenge to the designation of a deposition transcript or any portions thereof. Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed by the preceding paragraph.

**7.     ACCESS TO AND USE OF PROTECTED MATERIAL**

**a.     Basic Principles:**

A Receiving Party may use Protected Material that is disclosed or produced by another Party or by a Non-Party in connection with this case only for prosecuting, defending, or attempting to settle this litigation. Such Protected Material may be disclosed only to the categories of persons and under the conditions described in this Order. When the litigation has been terminated, a Receiving Party must comply with the provisions of Section 13 below.

Protected Material must be stored and maintained by a Receiving Party at a location and in a secure manner that ensures that access is limited to the persons authorized under this Order.

**b.     Disclosure of "CONFIDENTIAL" Information or Items:**

Unless otherwise ordered by the court or permitted in writing by the Designating Party, a Receiving Party may disclose any information or item designated "CONFIDENTIAL" only to:

i.     the Receiving Party's counsel of record in this action, as well as employees of said counsel of record to whom it is reasonably necessary to disclose the information for this litigation;

ii.     the officers, directors, and employees (including in-house counsel) of the Receiving Party to whom disclosure is reasonably necessary for this litigation;

iii.     Experts/Consultants of the Receiving Party to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

iv.     the Court and its personnel;

v.     court reporters employed in connection with this litigation and their

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

staff;

vi.      professional jury or trial consultants, mock jurors, and professional vendors to whom disclosure is reasonably necessary for this litigation and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A);

vii.      during their depositions, witnesses in the action to whom disclosure is reasonably necessary and who have signed the "Acknowledgment and Agreement to Be Bound" (Exhibit A), unless otherwise agreed by the Designating Party, where Section 7(b)(viii) applies, or where ordered by the Court.  Pages of transcribed deposition testimony or exhibits to depositions that reveal Protected Material must be separately bound by the court reporter and may not be disclosed to anyone except as permitted under this Stipulated Protective Order.; and

viii.      the author or recipient of a document containing the information or a custodian or other person who otherwise possessed or knew the information.

**c.      Procedure for Approving or Objecting to Disclosure of Protected Material to a Person Not Described in Section 7(b):**

If a Party wishes to disclose any information or items designated in this action as "CONFIDENTIAL" to any person not described in Section 7(b) of this Stipulated Protective Order, permission to so disclose must be requested from the Designating Party in writing.  If the Designating Party objects to the proposed disclosure, such disclosure shall not be made unless, upon motion by the Party requesting such permission, this Court orders otherwise.  Any motion brought pursuant to this provision must be accompanied by a competent declaration affirming that the movant has complied with the meet and confer requirements imposed this paragraph.

**8.      PROTECTED MATERIAL SUBJECT OF A PUBLIC RECORDS REQUEST, SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION**

If the Receiving Party receives a public records request (Plaintiff only) or is served with a subpoena or a court order issued in other litigation that would require disclosure of any information or items designated in this action as "CONFIDENTIAL" ("Third Party Request"), the Receiving Party must promptly notify in writing the Designating Party within three (3) business days of receiving the Third Party Request.  Such notification shall identify the "CONFIDENTIAL"

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

documents or information that the Receiving Party believes are responsive to the Third Party Request.  The Parties recognize that Government Code § 6254(b) exempts documents "pertaining to pending litigation to which [a] public agency is a party" from disclosure under the California Public Records Act (California Government Code § 6250, *et seq*) "until the pending litigation or claim has been finally adjudicated or otherwise settled."

At any time before the Receiving Party is required to respond to the Third Party Request, the Designating Party may object to the production of any "CONFIDENTIAL" documents identifed by the Receiving Party as responsive to the Third Party Request.  Upon receipt of such an objection, the Receiving Party shall promptly notify in writing the requesting individual and/or entity that some or all of the material covered by the Third Party Request is subject to this Stipulated Protective Order, that the Designating Party objects to the production of its "CONFIDENTIAL" documents or information, and that the Receiving Party may not produce such information or documents without an order to do so by a court of competent jurisdiction.  Such notification shall include a copy of this Stipulated Protective Order.

The Designating Party shall bear the burden and expense of seeking protection of its "CONFIDENTIAL" documents or information.  If, within the time allotted for the Receiving Party to respond to the Third Party Request, the Designating Party moves for a protective order, or otherwise initiates an action to prevent the disclosure of its "CONFIDENTIAL" documents or information, the Receiving Party shall not produce any information designated in this action as "CONFIDENTIAL" and identified by the Receiving Party as responsive to the Third Party Request, before a determination by the Court from which the subpoena or order issued, or from the Court in which any such action to prevent the disclosure of "CONFIDENTIAL" documents is brought.  Notwithstanding this provision, a Designating Party may grant written permission to the Receiving Party at any time permitting the production of the Protected Material.

## A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

a.      The terms of this Order are applicable to information produced by a Non-Party in this action and designated as "CONFIDENTIAL."  Such information produced by Non-

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

1   Parties in connection with this litigation is protected by the remedies and relief provided by this

2   Order.  Nothing in these provisions should be construed as prohibiting a Non-Party from seeking

3   additional protections.

4       **b.**    In the event that a Party is required, by a valid discovery request, to produce a

5   Non-Party's confidential information in its possession, and the Party is subject to an agreement with

6   the Non-Party not to produce the Non-Party's confidential information, then the Party shall:

7       i.    promptly notify in writing the Requesting Party and the Non-Party that

8   some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

9       ii.    promptly provide the Non-Party with a copy of the Stipulated

10   Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific

11   description of the information requested; and

12       iii.    make the information requested available for inspection by the Non-

13   Party.

14       **c.**    If the Non-Party fails to object or seek a protective order from this Court

15   within 14 days of receiving the notice and accompanying information, the Receiving Party may

16   produce the Non-Party's confidential information responsive to the discovery request.  If the Non-

17   Party timely seeks a protective order, the Receiving Party shall not produce any information in its

18   possession or control that is subject to the confidentiality agreement with the Non-Party before a

19   determination by the Court.  Absent a court order to the contrary, the Non-Party shall bear the

20   burden and expense of seeking protection in this Court of its Protected Material.

21       **9.**    **UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL**

22       If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected

23   Material to any person or in any circumstance not authorized under this Stipulated Protective Order,

24   the Receiving Party must, immediately upon learning of the unauthorized disclosure, (a) notify in

25   writing the Designating Party of the unauthorized disclosures, (b) use its best efforts to retrieve all

26   unauthorized copies of the Protected Material, (c) inform the person or persons to whom

27   unauthorized disclosures were made of all the terms of this Order, and (d) request such person or

28   persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

Exhibit A.  No remedy will lie against a Receiving Party for the unauthorized disclosure of Protected Material if that Party complies promptly and fully with the above corrective procedure.

### 10.    INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL

When a Producing Party gives notice to Receiving Parties that certain inadvertently produced material is subject to a claim of privilege, is not responsive, or other protection, the obligations of the Receiving Parties are those set forth in Federal Rule of Civil Procedure 26(b)(5)(B).  This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege review.  Pursuant to Federal Rule of Evidence 502(d) and (e), insofar as the parties reach an agreement on the effect of disclosure of a communication or information covered by the attorney-client privilege or work product protection, the Parties may incorporate their agreement in the stipulated protective order submitted to the Court.

### 11.    MISCELLANEOUS

#### a.    Right to Further Relief:

Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

#### b.    Effects of Compliance:

Entering into, agreeing to, and/or producing or receiving information or material designated as "CONFIDENTIAL" or otherwise complying with the terms of this Protective Order shall not:

i.    operate as an admission by any Party that any particular information or material designated as "CONFIDENTIAL" contains or reflects trade secrets, proprietary or commercially sensitive information, or any other type of confidential information;

ii.    operate as an admission by any Party that the restrictions and procedures set forth herein constitute or do not constitute adequate protection for any particular information deemed by any party to be "CONFIDENTIAL;"

iii.    prejudice in any way the rights of the Parties to object to the production of documents they consider not subject to discovery;

iv.    prejudice in any way the rights of any Party to object to the

1  authenticity or admissibility into evidence of any document, testimony or other evidence subject to

2  this Stipulated Protective Order;

3                          v.          except as provided in Section 6 above, prejudice in any way the rights

4  of a Party to seek a determination by the Court whether any information or material should be

5  subject to the terms of this Protective Order;

6                          vi.         prejudice in any way the rights of a party to petition the Court for a

7  further protective order relating to any purportedly confidential information;

8                          vii.        prevent the Parties to this Stipulated Protective Order from agreeing in

9  writing or on the record during deposition or hearing in this action to alter or waive the provisions or

10 protections provided for herein with respect to any particular information or material; or

11                         viii.       limit a Party's ability to grant Non-Parties access to its own

12 documents and/or information.

13             **c.**      **Right to Assert Other Objections:**

14        By stipulating to the entry of this Protective Order no Party waives any right it otherwise

15 would have to object to disclosing or producing any information or item on any ground not

16 addressed in this Stipulated Protective Order.  Similarly, no Party waives any right to object on any

17 ground to use in evidence of any of the material covered by this Protective Order.

18             **d.**      **Filing Protected Material:**

19        Without written permission from the Designating Party or a court order secured after

20 appropriate notice to all interested persons, a Party may not file in the public record in this action

21 any Protected Material.  A Party that seeks to file under seal any Protected Material must comply

22 with Civil Local Rule 141.  Protected Material may only be filed under seal pursuant to a court order

23 authorizing the sealing of the specific Protected Material at issue.  Pursuant to Civil Local Rule 141,

24 a sealing order will issue only upon a request establishing that the Protected Material at issue is

25 privileged, protectable as a trade secret, or otherwise entitled to protection under the law.  If a

26 Receiving Party's request to file Protected Material under seal pursuant to Civil Local Rule 141 is

27 denied by the court, then the Receiving Party may file the information in the public record pursuant

28 to Civil Local Rule 141 unless otherwise instructed by the court.

REED SMITH LLP

A limited liability partnership formed in the State of Delaware

## 12.    **FINAL DISPOSITION**

Within 60 days after the final disposition of this action, as defined in paragraph 4, each Receiving Party must return all Protected Material to the Producing Party or destroy such material. As used in this subdivision, "all Protected Material" includes all copies, abstracts, compilations, summaries, and any other format reproducing or capturing any of the Protected Material.  Whether the Protected Material is returned or destroyed, the Receiving Party must submit a written certification to the Producing Party (and, if not the same person or entity, to the Designating Party) by the 60 day deadline that (1) identifies (by category, where appropriate) all the Protected Material that was returned or destroyed and (2) affirms that the Receiving Party has not retained any copies, abstracts, compilations, summaries or any other format reproducing or capturing any of the Protected Material.  Notwithstanding this provision, Counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Protected Material.  Any such archival copies that contain or constitute Protected Material remain subject to this Protective Order as set forth in Section 4.

///

///

///

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION

1

**IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD:**

2

DATED:  April __, 2011                    STRUMWASSER & WOOCHER LLP

3

                                          By_____
4                                             Michael J. Strumwasser
                                              Fredric D. Woocher
5                                             Jonathan D. Krop
                                              Attorneys for Plaintiff
6                                             CALIFORNIA EARTHQUAKE AUTHORITY

7

DATED:  April __, 2011                    REED SMITH LLP

8

                                          By_____
9                                             David C. Powell
                                              Jesse L. Miller
10                                            Christopher C. Foster
                                              Attorneys for Defendants
11                                            METROPOLITAN WEST SECURITIES, LLC  and
                                              WELLS FARGO BANK, N.A., successor by
12                                            merger to WACHOVIA BANK, N.A.

13      **PURSUANT TO STIPULATION, IT IS SO ORDERED:**

14      DATED: June 30, 2011                By____/s/ Gregory G. Hollows_____

15

16                                            Gregory G. Hollows

17                                            United States Magistrate Judge

18

19

20

21

22

23

24

25

26

27

28

STIPULATED PROTECTIVE ORDER GOVERNING CONFIDENTIAL INFORMATION

REED SMITH LLP
A limited liability partnership formed in the State of Delaware

# EXHIBIT A

## ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND

I, _____ [print or type full name], of _____

_____

[print or type full address], declare under penalty of perjury that I have read in its entirety and

understand the Stipulated Protective Order that was issued by the United States District Court for the

Eastern District of California on [mm/dd/yyyy] in the case of *California Earthquake Authority v.*

*Metropolitan West Securities, LLC, Wachovia Bank, N.A., and Does 1-25*, pending in the United

States District Court for the Eastern District of California – Sacramento Division, Case No. 2:10-

CV-00291-FCD-GGH.  I agree to comply with and to be bound by all the terms of this Stipulated

Protective Order and I understand and acknowledge that failure to so comply could expose me to

sanctions and punishment in the nature of contempt.  I solemnly promise that I will not disclose in

any manner any information or item that is subject to this Stipulated Protective Order to any person

or entity except in strict compliance with the provisions of this Order.


Date: _____

City and State where sworn and signed: _____


Printed name: _____


Signature: _____

REED SMITH LLP
A limited liability partnership formed in the State of Delaware