IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA EARTHQUAKE
AUTHORITY,

      Plaintiff,                    No. 2:10-cv-291 MCE GGH

     v.

METROPOLITAN WEST
SECURITIES, LLC et al.,

      Defendants.           <u>ORDER</u>
_____/

        On June 14, 2012, the court conducted a discovery conference in this matter. At the discovery conference, Michael Strumwasser and Patricia Pei appeared on behalf of plaintiff California Earthquake Authority ("CEA"), and Jesse Miller and Christopher Foster appeared on behalf of defendants Metropolitan West Securities, LLC and Wells Fargo Bank, N.A., successor by merger to Wachovia Bank, N.A. (collectively, "Wells Fargo").

        After considering the parties' joint status report submitted prior to the conference (dkt. no. 55) and conferring with counsel on the record at the hearing, the court finds it appropriate to permit CEA's attorneys, in conjunction with their forensic expert(s), to search Wells Fargo's servers, databases, backup tapes, and other electronic storage media for

electronically stored information ("ESI") CEA deems responsive to CEA's requests for production of documents and relevant to the litigation, with a subsequent review of such documents for privilege and confidentiality to be conducted by Wells Fargo pursuant to an appropriate claw-back provision.  This discovery protocol would be subject to a strict attorneys' eyes only and forensic expert's eyes only protective order along the terms discussed at the discovery conference, with the specific provisions to be mutually agreed upon by the parties. The court envisions that this type of discovery protocol, essentially shifting the primary burden of searching for responsive documents to plaintiff, would resolve Wells Fargo's undue burden concerns, allow plaintiff to define the scope of its own search efforts, and moot the parties' continuing disputes regarding appropriate search terms, custodians to be searched, date range of documents to be searched, etc.  If the parties so desire, the joint discovery protocol may be framed mutually to also apply to any discovery of ESI from plaintiff.

        For the foregoing reasons, IT IS HEREBY ORDERED THAT:

        1.  Within fourteen (14) days of this order, the parties shall submit a joint discovery protocol and accompanying proposed stipulated protective order, along the terms discussed at the discovery conference, for the court's review and signature.

        2.  If the parties are unable to reach agreement on a joint discovery protocol and a proposed stipulated protective order, the court will schedule another discovery conference. However, the parties are cautioned that failure to cooperate in good faith in reaching agreement on these matters will result in the imposition of any appropriate sanctions.

DATED: June 15, 2012

        /s/ Gregory G. Hollows
    UNITED STATES MAGISTRATE JUDGE

GGH/wvr
CEA.291.oah.wpd