MICHAEL J. STRUMWASSER (SBN 58413)
FREDRIC D. WOOCHER (SBN 96689)
PATRICIA T. PEI (SBN 274957)
STRUMWASSER & WOOCHER LLP
10940 Wilshire Boulevard, Suite 2000
Los Angeles, California  90024
Tel.: (310) 576-1233  Fax: (310) 319-0156
E-mail:  mstrumwasser@strumwooch.com
         fwoocher@strumwooch.com
         ppei@strumwooch.com

Attorneys for Plaintiff
*California Earthquake Authority*

DAVID C. POWELL (SBN 129781)
JESSE L. MILLER (SBN 183229)
CHRISTOPHER C. FOSTER (SBN 253839)
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, California  94105-3659
Tel.: (415) 543-8700  Fax: (415) 391-8269
E-mail:  dpowell@reedsmith.com
         jessemiller@reedsmith.com
         cfoster@reedsmith.com

Attorneys for Defendants
*Metropolitan West Securities, LLC and*
*Wells Fargo Bank, N.A., successor by merger*
*to Wachovia Bank, N.A.*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| CALIFORNIA EARTHQUAKE AUTHORITY,<br><br>　　　　　　　　Plaintiff,<br><br>　　v.<br><br>METROPOLITAN WEST SECURITIES, LLC; WACHOVIA BANK, NATIONAL ASSOCIATION; and DOES 1-25,<br><br>　　　　　　　　Defendants. | CASE NO. 2:10-CV-00291-MCE-GGH<br><br>**STIPULATION AND ORDER RE WACHOVIA DOCUMENT PRODUCTION AND LIMITED DISCOVERY PROTOCOL** |

The parties first appeared before this Court on April 26, 2012, for a hearing on the motion of Plaintiff California Earthquake Authority (the "CEA") to compel document production from Defendants Metropolitan West Securities, LLC ("MetWest") and Wachovia Bank, National Association (collectively, "Wachovia"). Following that hearing and a subsequent status conference on June 14, 2012, the Court issued an order on June 15, 2012, requiring the parties to jointly file an agreed-upon discovery protocol in order to resolve their continued dispute regarding the scope of Wachovia's production. (Dkt. No. 57.) After meeting and conferring in good faith, the CEA and Wachovia now file the following Stipulation, setting forth an agreement regarding the CEA's outstanding discovery disputes.[1]

### Wachovia's Document Production Process to Date

1. Wachovia represents that it has undertaken a document collection, search, review, and production process as described in the May 4, 2012 document titled "Wachovia's Document Collection Process," attached and incorporated herein as **Attachment A**.

2. Wachovia further represents that it is currently reviewing the collection of 160,243 documents identified in Attachment A, and that it will produce from this collection all non-privileged, responsive documents, redacted for confidentiality, on or before July 1, 2012.[2]

---

[1] In addition to the agreement to collect, search, review, and produce additional documents as described in this Stipulation, the parties are in the process of developing a discovery protocol and limited protective order that will govern Wachovia's production to the CEA of the data from the last available and restorable MetWest GroupWise e-mail backup tape in Wachovia's possession. Although the parties have an agreement in principle on this additional protocol, the parties require additional time to finalize its details, and request that the Court permit them to file the proposed protocol and stipulated protective order on or before Tuesday, July 3, 2012. (*See supra* ¶ 16.)

[2] The parties recognize that, in the course of preparing their respective privilege logs, additional documents may be determined by the parties to be responsive and non-privileged. The parties agree that they will not unreasonably delay the production of those additional documents once they are identified.

1

*California Earthquake Authority v. Metropolitan West Securities LLC et al.*
STIPULATION AND ORDER RE WACHOVIA DOCUMENT PRODUCTION AND LIMITED DISCOVERY PROTOCOL
Case No. 2:10-CV-00291-MCE-GGH

**Additional Search Terms**

3.  Wachovia agrees to search across its current collection of documents using the parties' agreed-upon market and financial condition search terms, attached and incorporated herein as **Attachment B**.

4.  Wachovia agrees to produce all non-privileged, responsive documents from this search, redacted for confidentiality, on or before August 31, 2012. It is understood by the parties that a document is considered responsive if it pertains to the market conditions identified by the search terms provided in Attachment B, irrespective of whether the document explicitly references the Mainsail II, LLC security or the CEA. By agreeing to this definition of responsiveness for purposes of this Stipulation, the parties are not waiving or foregoing any evidentiary challenges, including those relating to relevance or admissibility.

**Additional Custodians & Collections**

5.  In addition to the seven (7) individuals listed in Attachment A, Wachovia agrees to collect documents from the following six (6) additional custodians:

    a.  Russell Gould;
    b.  Rick Mayfield;
    c.  Scott Parker;
    d.  Gary Rupert;
    e.  Richard Schweitzer; and
    f.  Cherry Zhang.

6.  The collection from these additional custodians will include, at a minimum, the following document sources and types:

    a.  Any hard copy documents from these individuals' files that are relevant to this case;
    b.  All custodian e-mails from January 1, 2006 through June 5, 2008, that are stored in Wachovia's Assentor e-mail archival system; and
    c.  All documents in these custodians' proprietary folders on Wachovia's shared ("M") drive.

2

*California Earthquake Authority v. Metropolitan West Securities LLC et al.*
STIPULATION AND ORDER RE WACHOVIA DOCUMENT PRODUCTION AND LIMITED DISCOVERY PROTOCOL
Case No. 2:10-CV-00291-MCE-GGH

> i. For purposes of this Stipulation, "proprietary folders" are those folders located in the "M" drive's "Home" subfolder, which are designated according to individual custodian name.

7. Wachovia will also ensure that all documents from the proprietary folders belonging to the seven individuals identified in Attachment A are included in this further collection, without limitation as to date scope.[3]

8. Once these additional custodians' documents are collected, Wachovia will review the documents for privilege and responsiveness, as follows:

> a. For any newly collected hard copy documents, Wachovia will conduct a document-by-document review.
>
> b. For all newly collected electronically stored information ("ESI," *supra* ¶¶ 6.b, 6.c, and 7), Wachovia will run all of the parties' agreed-upon search terms from Attachment A and Attachment B. The only date scope to be applied are those date scopes specifically provided for in Attachment B.
>
> c. The parties agree that Wachovia may request to meet and confer on any further narrowing of the agreed-upon search terms should they return an unduly burdensome number of documents from these six new custodians.
>
> d. The parties further agree to negotiate in good faith to develop new or revised search terms as needed to reduce any unforeseen burden, or to rectify any unforeseen omission of relevant documents.

9. Wachovia agrees to complete its review and production of the non-privileged, responsive documents generated from the additional custodians and collections on or before August 31, 2012.

---

[3] With regard to the non-proprietary "M" drive folders and the hard copy documents already collected by Wachovia, as described in Attachment A, Wachovia represents that both these sets of documents have been collected and searched, and will be produced from, without limitation as to date scope.

3

**Exchange of Information Regarding Additional Custodians**

10. With regard to the following twelve (12) custodians, Wachovia further agrees that, on or before July 17, 2012, it will provide the CEA with a written document describing the role each individual played in Wachovia's operations between 1995 and 2008; his or her relationship, if any, to the CEA's account with Wachovia; and Wachovia's rationale for choosing to exclude each custodian from its document collection process at this time:

    a. Edward Curiel;
    b. Lyle Defenbaugh;
    c. Dave Fernandez;
    d. Brian Gorman;
    e. Richard Hollander;
    f. Gerald Klassen;
    g. Thomas Mackin;
    h. Sebastian Popa;
    i. Abe Riazati;
    j. Chris Surprenant;
    k. Linda Tabizon; and
    l. Yolanda Zuniga.

11. The parties understand and agree that any written representations made by Wachovia pursuant to ¶ 10 will be made to the best of Wachovia's knowledge at the time of writing. Such representations are made without prejudice to the CEA's right to request the production of responsive documents from any of these twelve custodians, consistent with ¶ 12.

**Dispute Resolution Process**

12. The CEA reserves its right to request production of responsive documents from more custodians beyond the original seven and the additional six set forth in ¶ 5, *supra*, should it determine in the course of discovery that there is good cause for such request.

13. Should any disagreements arise between the parties regarding the execution of any of the provisions contained in this Stipulation, including the terms of the forthcoming

4

proposed protocol described in ¶ 16, the parties agree that counsel will promptly confer in good faith with one another and attempt to resolve such disputes within one week of the issue being raised by either party.

14. Should the parties be unable to resolve such a dispute, each party shall have the right to seek the Court's resolution of the dispute on an expedited basis without the need for filing a new motion to compel or other formal discovery motion.

   a. The Court shall retain jurisdiction over the instant motion to compel for the purpose of hearing and resolving any such disputes, including the issues raised in the parties' previously filed joint statements. (Dkt. Nos. 47 & 55.) Should either party wish to seek the Court's assistance, that party will contact the Court and will request a status conference addressing the specific issue in question. The parties agree to meet and confer regarding each side's availability before confirming the scheduling of a status conference under this provision.

   b. The parties understand and agree that, should the Court's intervention become necessary, the raising of an issue with the Court in the manner outlined above may include a request for appropriate sanctions by either party.

**Resolution of Rights**

15. Notwithstanding the terms of this Stipulation, the parties reserve their respective rights to seek additional production from one another at a later date, including new production from additional identified custodians, document repositories, or backup tapes.

**Request for Continuance on Additional Filing Regarding Production of the Last Available, Restorable MetWest GroupWise Backup Tape**

16. The parties understand the Court's June 15th order to require the joint filing on or before June 29, 2012 of a stipulated protective order and proposed protocol for additional discovery to be conducted pursuant to the process outlined by the Court at the June 14, 2012 status conference. As set forth above, the parties' resolution of certain outstanding discovery

5

disagreements has limited their need for application of the new discovery protocol to the production of data from Wachovia's last available, restorable MetWest GroupWise e-mail backup tape. Though the parties have agreed in principle on the production of data to the CEA from this GroupWise tape, the parties require additional time to negotiate and finalize the specific protocol and protective order under which the data on the backup tape will be provided, in order to ensure privacy and security concerns are properly addressed. Though the parties have been working diligently towards crafting the protocol that will govern the production of the MetWest GroupWise backup tape, the parties require additional time to finalize the terms of the order and protocol, and hereby request that the Court continue the deadline for filing of a proposed protocol and stipulated protective order until **Tuesday, July 3, 2012**.

**IT IS SO STIPULATED.**

Dated: June 29, 2012                    STRUMWASSER & WOOCHER LLP
                                        Michael J. Strumwasser
                                        Fredric D. Woocher
                                        Patricia T. Pei


                                        By:    /s/ Fredric D. Woocher
                                                 Fredric D. Woocher

                                        Attorneys for Plaintiff
                                        *California Earthquake Authority*

6

*California Earthquake Authority v. Metropolitan West Securities LLC et al.*
STIPULATION AND ORDER RE WACHOVIA DOCUMENT PRODUCTION AND LIMITED DISCOVERY PROTOCOL
Case No. 2:10-CV-00291-MCE-GGH

Dated: June 29, 2012

REED SMITH LLP
David C. Powell
Jesse L. Miller
Christopher C. Foster


By:  _____/s/ Jesse L. Miller_____
            Jesse L. Miller

Attorneys for Defendants
*Metropolitan West Securities, LLC and*
*Wells Fargo Bank, N. A., successor by merger*
*to Wachovia Bank, N.A.*

**Notwithstanding the parties' stipulation, the court is not willing to have this case jump to the head of the line every time a dispute arises.  Any accelerated procedure (absent a telephone conference on a pre-resolution, narrow dispute) shall be that set forth in Local Rule 251.**

**IT IS SO ORDERED.**

**Dated:  July 2, 2012**

**/s/ Gregory G. Hollows**
The Honorable Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

7

*California Earthquake Authority v. Metropolitan West Securities LLC et al.*
STIPULATION AND ORDER RE WACHOVIA DOCUMENT PRODUCTION AND LIMITED DISCOVERY PROTOCOL
Case No. 2:10-CV-00291-MCE-GGH