MICHAEL J. STRUMWASSER (SBN 58413)
FREDRIC D. WOOCHER (SBN 96689)
PATRICIA T. PEI (SBN 274957)
STRUMWASSER & WOOCHER LLP
10940 Wilshire Boulevard, Suite 2000
Los Angeles, California 90024
Tel.: (310) 576-1233  Fax: (310) 319-0156
E-mail:  mstrumwasser@strumwooch.com
         fwoocher@strumwooch.com
         ppei@strumwooch.com

Attorneys for Plaintiff
*California Earthquake Authority*

DAVID C. POWELL (SBN 129781)
JESSE L. MILLER (SBN 183229)
CHRISTOPHER C. FOSTER (SBN 253839)
REED SMITH LLP
101 Second Street, Suite 1800
San Francisco, California  94105-3659
Tel.: (415) 543-8700  Fax: (415) 391-8269
E-mail:  dpowell@reedsmith.com
         jessemiller@reedsmith.com
         cfoster@reedsmith.com

Attorneys for Defendants
*Metropolitan West Securities, LLC and*
*Wells Fargo Bank, N.A., successor by merger*
*to Wachovia Bank, N.A.*

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA – SACRAMENTO DIVISION

| | |
|---|---|
| CALIFORNIA EARTHQUAKE AUTHORITY,<br><br>            Plaintiff,<br><br>     v.<br><br>METROPOLITAN WEST SECURITIES, LLC; WACHOVIA BANK, NATIONAL ASSOCIATION; and DOES 1-25,<br><br>            Defendants. | CASE NO. 2:10-CV-00291-MCE-GGH<br><br>**STIPULATION AND PROTECTIVE ORDER RE PRODUCTION OF METWEST GROUPWISE BACKUP TAPE** |

1

*California Earthquake Authority v. Metropolitan West Securities LLC et al.*
STIPULATION AND PROTECTIVE ORDER RE PRODUCTION OF METWEST GROUPWISE BACKUP TAPE
Case No. 2:10-CV-00291-MCE-GGH

Plaintiff California Earthquake Authority (the "CEA") and Defendants Metropolitan West Securities, LLC ("MetWest") and Wells Fargo Bank, N.A. ("Wells Fargo"), successor by merger to Wachovia Bank, N.A. ("Wachovia Bank") (collectively, "Wachovia"), by and through their respective undersigned counsel, hereby stipulate and agree to the following Stipulation and Protective Order re Production of MetWest GroupWise Backup Tape:

**1.   PURPOSES AND LIMITATIONS**

Disclosure and discovery activity related to MetWest's GroupWise Backup Tape as described in the concurrently filed Backup Tape Protocol, attached hereto as Exhibit A, may involve the production of highly confidential and highly sensitive proprietary and private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation is warranted. Accordingly, the parties hereby stipulate to and petition the Court to enter the following Stipulation and Protective Order re Production of MetWest GroupWise Backup Tape.

**2.   DEFINITIONS**

The definitions set forth in Exhibit A are incorporated herein.

**3.   SCOPE**

The protections conferred by this Stipulation and Order cover only the MetWest GroupWise Backup Tape and any data derived therefrom, including any copies, excerpts, summaries, or compilations thereof.

**4.   DURATION**

Even after the termination of this litigation, the confidentiality obligations imposed by this Order shall remain in effect until Wachovia agrees otherwise in writing or a court order otherwise directs.

1

*California Earthquake Authority v. Metropolitan West Securities LLC et al.*
STIPULATION AND PROTECTIVE ORDER RE PRODUCTION OF METWEST GROUPWISE BACKUP TAPE
Case No. 2:10-CV-00291-MCE-GGH

**5.     ACCESS TO AND USE OF PROTECTED MATERIAL**

The Backup Tape Data[1] may be used only in connection with this case and only for the purposes of prosecuting or attempting to settle this litigation.  The Backup Tape Data may be disclosed only to the categories of persons and under the conditions described in this Order.  The Backup Tape Data must be stored and maintained only with an e-discovery vendor approved by Wells Fargo, and only in a secure manner that ensures that access is limited to the persons authorized under this Order.

5.1     Only the following individuals may be permitted access to the Backup Tape Data:

(a)     those attorneys of the CEA's outside counsel of record in this action, including employees and independently contracted attorneys of that outside counsel to whom it is necessary to disclose the Backup Tape Data for this litigation, who have signed the Acknowledgement and Agreement to Be Bound (Exhibit B);

(b)     the CEA's in-house counsel (1) to whom disclosure is reasonably necessary for this litigation, and (2) who have signed the "Agreement to Be Bound by Protective Order" (Exhibit B);

(c)     the CEA's Technical Expert (as defined in section 1.c of Exhibit A) (1) to whom disclosure is reasonably necessary for this litigation, and (2) who has signed the Acknowledgement and Agreement to Be Bound (Exhibit B); and

(d)     the Vendor (as defined in section 1.a of Exhibit A), who has signed the Acknowledgement and Agreement to Be Bound (Exhibit B).

5.2     Printing, downloading, saving, photographing, or otherwise making copies or reproductions of any of the Backup Tape Data is prohibited, with the exception of any process

---

[1] For purposes of the limitations imposed in this section, the parties understand the term "Backup Tape Data" to refer only to those data restored from the Backup Tape and that do not ultimately become a part of the Final Production Set, as described in the Backup Tape Protocol (Exhibit A).

2

*California Earthquake Authority v. Metropolitan West Securities LLC et al.*
STIPULATION AND PROTECTIVE ORDER RE PRODUCTION OF METWEST GROUPWISE BACKUP TAPE
Case No. 2:10-CV-00291-MCE-GGH

that must be undertaken by the Vendor in order to transfer access to either the Initial Privilege Set or the Relevant Data Set between Wachovia and the CEA, as described in the Backup Tape Protocol (Exhibit A). The individuals listed in ¶ 5.1 are further prohibited from summarizing or transcribing any portion of the Backup Tape Data, whether in hard copy or electronic form. Notes or other annotations to the Backup Tape Data may be made within the Backup Tape Database itself. These entries in the database shall be maintained in a manner that precludes access to them by anyone other than the CEA's counsel, the CEA's Technical Expert, and the Vendor in the course of its service to the CEA.

     5.3     By virtue of its unfettered access to highly confidential and raw data, the CEA and those counsel (including any independently contracted attorneys who are used for the review of the Backup Tape Data and/or Backup Tape Database) who have signed the Acknowledgement and Agreement to Be Bound (Exhibit B) are prohibited from bringing or otherwise participating in any litigation against Wachovia Bank, MetWest, or their subsidiaries, employees, agents, attorneys, representatives, or assigns.  They are further prohibited from bringing or otherwise participating in any litigation against Wells Fargo, including its parents, subsidiaries, employees, agents, attorneys, representatives, or assigns, to the extent Wells Fargo is named in litigation in which Wells Fargo's alleged liability is based on any act of Wachovia or MetWest or their subsidiaries, employees, agents, attorneys, representatives, or assigns.  The above-described entities are referred to collectively as the "Prohibited Entities".  This prohibition does not apply to the instant litigation, or to any actions to enforce a judgment arising from this litigation.  These limitations shall be in effect for a period of four (4) years from the date on which the Backup Tape Database was first made accessible to those individuals described in ¶ 5.1(a) and (b). During that four-year period, if any of the attorneys described in ¶ 5.1(a) or (b) are employed by or contracting with a law practice that becomes involved in a litigation against one or more of the Prohibited Entities, nothing in this Stipulation and Order shall be construed to limit the ability of that law practice to engage in such litigation, provided that appropriate protections are put in place to prevent

3

*California Earthquake Authority v. Metropolitan West Securities LLC et al.*
STIPULATION AND PROTECTIVE ORDER RE PRODUCTION OF METWEST GROUPWISE BACKUP TAPE
Case No. 2:10-CV-00291-MCE-GGH

the attorneys bound by this agreement from participating in or communicating with other attorneys about that litigation.

### 6. PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

For the period beginning with its retrieval and ending with its destruction, as provided for in the attached Backup Tape Protocol (Exhibit A), the Backup Tape Data shall at all times remain in the possession, custody, and control of the Vendor and shall not be copied or otherwise distributed. At no point will the Backup Tape Data be considered to be in the possession, custody, or control of the California Earthquake Authority. The Backup Data shall not be subject to disclosure in response to a subpoena or court order issued in any other litigation or proceeding without all parties [to this stipulation having been given] the opportunity to oppose disclosure.

### 7. UNAUTHORIZED DISCLOSURE OF GROUPWISE BACKUP DATA

If the CEA learns that, by inadvertence or otherwise, it has disclosed the Backup Tape Data to any person or in any circumstance not authorized under this Order, it must immediately (a) notify Wachovia in writing of the unauthorized disclosures, (b) use its best efforts to retrieve all copies of the Backup Tape Data, (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order, and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit B. The unauthorized disclosure of any Backup Tape Data may, upon noticed motion, result in the imposition of any sanction by this Court, up to and including contempt.

### 8. FINAL DISPOSITION

At a time of the CEA's choosing, but in any event no later than thirty days following either the close of evidence at trial or the entry of a final judgment in this case, whichever occurs first, all Backup Tape Data in every form shall be destroyed by the Vendor, who shall certify the destruction in writing under penalty of perjury and provide such certification to all

4

*California Earthquake Authority v. Metropolitan West Securities LLC et al.*
STIPULATION AND PROTECTIVE ORDER RE PRODUCTION OF METWEST GROUPWISE BACKUP TAPE
Case No. 2:10-CV-00291-MCE-GGH

parties. Every other person who has been given access to the Backup Tape Data, including the CEA, its counsel, and the CEA's Technical Expert, shall provide written certification under penalty of perjury that no copies or reproductions of, or notes about, the Backup Tape Data, were made or retained. Such certification shall be provided to all parties.

**9. MISCELLANEOUS**

9.1   Right to Further Relief.  Nothing in this Order abridges the right of any person to seek its modification by the Court in the future.

9.2   Right to Assert Other Objections.  By stipulating to the entry of this Order, no party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Order.  Similarly, no party waives any right to object on any ground to the admissibility or use in evidence of any of the material covered by this Protective Order, or produced pursuant to this Protective Order, including, but not limited to, grounds of relevance.

9.3   No Waiver.  By providing the CEA with access to the Backup Tape Data Wachovia does not in any way waive any claim of attorney-client privilege, attorney work product immunity, or any other such privilege as to any document.

9.4   The parties agree that either party may seek from the other modification of the terms of this Stipulation and Protective Order, including its exhibits, due to circumstances unforeseen at the time of its execution, such as unanticipated costs or volume of documents. In such case, the parties shall meet and confer in an attempt to reach a mutually

//

//

5

*California Earthquake Authority v. Metropolitan West Securities LLC et al.*
STIPULATION AND PROTECTIVE ORDER RE PRODUCTION OF METWEST GROUPWISE BACKUP TAPE
Case No. 2:10-CV-00291-MCE-GGH

satisfactory resolution.  If necessary, either party may seek an order of the Court modifying the Protective Order, which will be heard in the ordinary course for motions before the Court.

IT IS SO STIPULATED, THROUGH COUNSEL OF RECORD.

DATED: August 7, 2012                    STRUMWASSER & WOOCHER LLP


                                          /s/ Michael J. Strumwasser
                                         Michael J. Strumwasser
                                         Fredric D. Woocher
                                         Patricia T. Pei
                                         Attorneys for Plaintiff
                                         CALIFORNIA EARTHQUAKE AUTHORITY


DATED: August 7, 2012                    REED SMITH LLP


                                          /s/ Jesse L. Miller
                                         David C. Powell
                                         Jesse L. Miller
                                         Christopher C. Foster
                                         Attorneys for Defendants
                                         METROPOLITAN WEST SECURITIES, LLC and
                                         WELLS FARGO BANK, N.A., successor by merger
                                         to WACHOVIA BANK, N.A.

**IT IS SO ORDERED.**
**[denotes change by the court]**


DATED: August 8, 2012                    /s/ Gregory G. Hollows
                                         _____
                                         The Honorable Gregory G. Hollows
                                         UNITED STATES MAGISTRATE JUDGE