IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

CALIFORNIA EARTHQUAKE
AUTHORITY,

      Plaintiff,                    No. 2:10-cv-0291 MCE GGH

  v.

METROPOLITAN WEST
SECURITIES, LLC et al.,

      Defendants.            <u>ORDER</u>
_____/

        Presently before the court is defendant MetWest's motion to compel the production of documents from non-party witness the California State Treasurer's Office ("STO"). Dkt. 97. The discovery cut-off is set for December 3, 2012. Dkt. 46 at 2. Because STO takes the position that the motion to compel should have been made pursuant to Fed. R. Civ. Pro. 45 and not 37[1], the parties did not file a joint statement. This matter was heard before the undersigned on November 8, 2012.

---

[1] Only motions made pursuant to Fed. R. Civ. Pro. 26 through 37 require a joint statement under Local Rule 251(a). Because Rule 45 contains its own motion making provision, (c)(2))B)(i)), Local Rule 251 does not apply to third party subpoenas.

Appearing before the court was Jennifer Fearnow on behalf of defendants and Jeffrey Rich for STO. Upon hearing argument and reviewing the briefs submitted, the undersigned issues the following order.

BACKGROUND

This discovery dispute arises from litigation between CEA and defendants MetWest and Wells Fargo Bank, N.A. ("MetWest"), seeking recovery of the majority of MetWest's approximately $62 million investment of CEA funds into Mainsail, a structured investment vehicle holding residential mortgage-backed securities.[2] Shortly after the August 2007 purchase of the Mainsail investment, the fund encountered severe liquidity issues which resulted in its assets being frozen. More than a year later, after Mainsail went into a receivership and underwent a restructuring process, CEA recovered some of its principle investment but ultimately lost over $47 million of its original purchase.

STO was a member of plaintiff CEA's Governing Board since its inception.[3] The Board, in turn, approved CEA's Investment Guidelines and oversaw its investment practices and procedures, participated in compliance oversight, and supervised its financial performance. Dkt. 97 at 2. Further, STO presided over the Pooled Money Investment Board ("PMIB") which issued the list of commercial paper investments that CEA claims MetWest should have relied on. Id. Clearly, STO was heavily involved in governing CEA and, according to defendant, was in regular contact with CEA concerning its investments, audits and oversight of MetWest and of the Mainsail transaction at issue in this litigation. Consequently, defendant believes STO possesses highly relevant documents, including emails, memoranda, and audit materials, among other things, that are discoverable evidence.

---

[2] A more detailed statement of the facts giving rise to the litigation can be found in the court's order dated August 1, 2012. Dkt. 75.

[3] The facts of STO's relationship with plaintiff are taken from defendant's motion to compel, but are not disputed by STO in its opposition or at hearing. Dkt. 97 at 2, 11/8/2012 Hr'g. 10:00am PST.

A third-party subpoena was personally served on STO by MetWest on September 11, 2012. Dkt. 98 at 2. The subpoena contained 22 requests for production ("RFPs") seeking all documents and correspondence arising from STO's role in CEA's investment activity. MetWest's RFPs can be grouped into four categories as follows:

| | |
|---|---|
| **RFPs No. 1-5:** | All documents related to STO's participation as a member of the CEA governing board. Dkt. 98-2 at 4-6. |
| **RFPs No. 6-7:** | All documents related to audits conducted of CEA Id at 7. |
| **RFPs No. 8-15; 18-22:** | All documents related to STO's involvement with the PMIB. Id at 7-11; 12-15. |
| **RFPs No. 16-17:** | All documents related to the Mainsail investment at issue. Id at 11-12. |

STO responded to the subpoena on October 2, 2012, serving objections and notifying defendant of its forthcoming production. Dkt. 97, 101. STO's objections were both general and specific in nature. In addition to the more common objections to documents protected by the work-product doctrine or the attorney-client privilege, STO claimed privilege over documents on the basis of deliberative process, trade secret and personal privacy. Dkt. 98-2 at 3. STO also objected generally to the breadth of the subpoena as unduly burdensome and to the extent that it seeks documents not relevant to the litigation. Id at 4.

Despite the objections noted above, STO claims it has now produced all documents in its possession that are responsive to all RFPs and not subject to a claim of privilege. Dkt. 101 at 4. Via letter dated October 22, 2012, STO served a chart on defendant detailing which documents respond to which request and which are being withheld on the basis of privilege. Dkt. 101-6. Specifically, for those requests for which no documents were produced (RFPs 1-7; 16-17 and 20-21), STO explains that "either no relevant responsive documents exist" or they were being withheld on claims of privilege. Id. STO's privilege claims include those based on the work-product doctrine, attorney-client communication, and deliberative process. Id.

1    MetWest filed its motion to compel on October 21, 3012 claiming that: (1)
2 STO's objections are improper under Fed. R. Civ. Pro. 45(c)(2)(B) and; (2) its 261 page
3 production is wholly deficient given the nature and history of the relationship between CEA and
4 STO. Dkt. 97. STO responds that it has fully complied with the subpoena by producing all
5 relevant, responsive documents it possesses that are not subject to a claim of privilege. Dkt. 100.
6 DISCUSSION
7    At hearing, the undersigned discerned two specific issues to be more fully
8 explicated by the parties before the court can issue a conclusive ruling on defendant's motion to
9 compel; namely, the basis for STO's assertion of "deliberative process privilege," and an
10 explanation of the process by which STO identified, collected, searched and produced documents
11 responsive to the RFPs.  11/8/2012 Hr'g..
12    *Privilege Claims*
13    Due in part to the procedural posture of the parties involved in this dispute, STO
14 has yet to provide the court or defendant with factual and legal support for its claim of privilege
15 over certain documents withheld from its production.  Specifically, STO has not substantiated its
16 claim of "deliberative process privilege" or any other claims of privilege it makes.  Without more
17 context than that provided in STO's chart (dkt. 101-6 at 19-23) the court cannot decide whether
18 these documents are properly withheld.  Accordingly, STO shall submit briefing on why any
19 privilege other than attorney-client properly applies to the documents withheld.  Briefing shall
20 include an explanation of the legal as well as factual basis for asserting the privileges.
21    *Production to Date*
22    Given the 15 year relationship and intimate involvement CEA had with STO,
23 defendant complains that STO's production of 261 pages of documents responsive to its requests
24 is wholly deficient and smacks of impropriety.  11/8/2012.  STO stands by its position that it has
25 produced all relevant, responsive documents that are not subject to privilege, but offers no further
26 explanation of why the production is so small.  Id.  In order to move beyond this swearing contest

4

of the parties, STO needs to fully explicate the process it used to identify and produce responsive documents. For each request, STO will identify the following: where it conducted a search for responsive documents, how it decided to conduct the search in that location, why it was appropriate to search in that location, how documents were collected from that location, and how the collected documents were searched through to determine which were relevant and responsive to the extent STO utilized electronic document repositories, it shall explain any search terms or parameters that were used to cull through and collect documents.

Upon providing the above explanation for each request, STO shall either affirm the completeness of its production on that particular request or state that it will produce additional, responsive documents. A declaration containing this information for each of defendant's RFPs shall be filed with the court at the same time STO submits briefing on its asserted privileges.

CONCLUSION

In accordance with the above and as discussed herein, IT IS HEREBY ORDERED THAT:

1. By November 22, 2012 STO shall file a motion supporting its assertion of privilege over those documents contained in its chart for which STO claims a privilege other than the attorney-client privilege;

2. By November 22, 2012 STO shall submit a declaration explaining its production process for each request and either affirm the completeness of the production or state its intention to produce additional documents and;

/////
/////
/////
/////
/////

3. Within seven (7) days from service of STO's motion, defendant will file any reply to STO's motion and declaration.

IT IS SO ORDERED.

DATED: November 20, 2012

/s/ Gregory G. Hollows
UNITED STATES MAGISTRATE JUDGE

GGH9